**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
**David Karl Brecht,**                    :         Chapter 13
                                          :
                                          :
                    **Debtor.**           :         Bky. No. 23-10659 (PMM)

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #38, "the Application") filed by Brenna H. Mendelsohn ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$5,500.00** for representation of the Debtor from the inception of the case until confirmation. The chapter 13 plan was confirmed on August 10, 2023.

**AND**, upon the Applicant's certification of no response,

**AND** the Application seeking total fees of $5,500.00 for representation of this "below-median" Debtor.

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest,"  In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$5,000.00**, minus $1,500.00 which was paid to the Applicant pre-petition. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant these allowed amounts of as an administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the time records and case docket, I am left unpersuaded that such extensive services were required to represent the interests of the Debtor.

For example, many of the entries for tasks performed by the Applicant could have been handled by counsel's paralegal. See e.g. March 7, 2023 fax to sheriff; March 8, 2023 service of Plan; March 10, 2023 service of suggestion of bankruptcy. Further, certain tasks appeared to take longer than is reasonable, see e.g. March 22, 2023 review order on time extension; June 27, 2023 attendance at (Zoom) meeting of creditors.

I have therefore disallowed $500.00 of the requested amount. Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved. See Green Valley Beer, 281 B.R. at 259; In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991). See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

distribution is authorized under the terms of the chapter 13 plan.

**Date: September 1, 2023**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**