United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                     Case No. 23-10659-pmm

David Karl Brecht                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-4 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Sep 05, 2023 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + David Karl Brecht, 43 Five Points Road, Mertztown, PA 19539-9215 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2023                    Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 5, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRENNA HOPE MENDELSOHN | |
| | on behalf of Debtor David Karl Brecht tobykmendelsohn@comcast.net |
| DENISE ELIZABETH CARLON | |
| | on behalf of Creditor CrossCountry Mortgage  LLC bkgroup@kmllawgroup.com |
| MARK A. CRONIN | |
| | on behalf of Creditor CrossCountry Mortgage  LLC bkgroup@kmllawgroup.com |
| MICHAEL PATRICK FARRINGTON | |
| | on behalf of Creditor CrossCountry Mortgage  LLC mfarrington@kmllawgroup.com |
| SCOTT F. WATERMAN [Chapter 13] | |
| | ECFMail@ReadingCh13.com |
| United States Trustee | |
| | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-4                     User: admin                              Page 2 of 2
Date Rcvd: Sep 05, 2023                  Form ID: pdf900                          Total Noticed: 1
TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
**David Karl Brecht,**             :     **Chapter 13**
                               :
                               :
             **Debtor.**        :     **Bky. No. 23-10659 (PMM)**

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #38, "the Application") filed by Brenna H. Mendelsohn ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$5,500.00** for representation of the Debtor from the inception of the case until confirmation. The chapter 13 plan was confirmed on August 10, 2023.

**AND**, upon the Applicant's certification of no response,

**AND** the Application seeking total fees of $5,500.00 for representation of this "below-median" Debtor.

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive

proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the services provided in this case,  the court concluding that a

reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.  The Application is **GRANTED IN PART AND DENIED IN PART.**

2.  Compensation is allowed in favor of the Applicant in the amount of **$5,000.00**, minus

    $1,500.00 which was paid to the Applicant pre-petition.  See also L.B.R. 2016-1(h)

    (governing procedure for disposition of fee applications without a hearing).

3.  The Trustee is authorized to distribute to the Applicant these allowed amounts of as an

    administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such

---

[1]  Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary
Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2]  After reviewing the time records and case docket, I am left unpersuaded that such extensive services
were required to represent the interests of the Debtor.

For example, many of the entries for tasks performed by the Applicant could have been handled by
counsel's paralegal.  See e.g. March 7, 2023 fax to sheriff; March 8, 2023 service of Plan; March 10,
2023 service of suggestion of bankruptcy.  Further, certain tasks appeared to take longer than is
reasonable, see e.g. March 22, 2023 review order on time extension; June 27, 2023 attendance at (Zoom)
meeting of creditors.

I have therefore disallowed $500.00 of the requested amount.  Such an approach permits the court to
avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate
given the size of this case and the stakes involved.  See Green Valley Beer, 281 B.R. at 259;  In re In re
Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991).  See generally Busy Beaver, 19 F.3d at 845
("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not
pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

distribution is authorized under the terms of the chapter 13 plan.

**Date: September 1, 2023**

_____

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**